IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GARY RANDLE #1227424 | § | |
| v. | § | CIVIL ACTION NO. 6:13cv6 |
| DR. GARY WRIGHT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Gary Randle, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The Defendants in the case are Dr. Gary Wright and two TDCJ correctional officers, identified as Doval and Ugbene.

In his complaint and at an evidentiary hearing, Randle complained that on January 5, 2011, he had an appointment to see Dr. Wright, but the officers would not take him, resulting in his missing the appointment. When he did get to see Dr. Wright, on February 14, 2011, the doctor took away the back brace which another physician, Dr. Thompson, had given to Randle. He asserted that these actions amounted to deliberate indifference.

After review of the pleadings, records, and testimony, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge stated first that the missing of a single medical appointment, with no showing of harm, did not set out a claim of cruel and unusual punishment, citing Toppins v. Day, 73 Fed.Appx. 84, 2003 WL 21757342 (5th Cir., June 26, 2003). In Easter v. Powell, 467 F.3d 459, 464 (5th Cir. 2006),. the Fifth Circuit stated that delay in medical

1

care only amounts to cruel and unusual punishment "if there has been deliberate indifference that results in substantial harm."  In this case, Randle failed to show that he suffered any harm, much less substantial harm, as a result of missing his appointment on January 5.  Nor did he show that an emergency situation existed; instead, he simply missed a scheduled appointment, which was later rescheduled.  His claims against Doval and Ugbene are without merit.

The Magistrate Judge stated that a showing of deliberate indifference to a serious medical need requires a showing that the prison medical personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  Domino v. TDCJ-ID, 239 F.3d 752, 756 (5th Cir. 2001).  In this case, Randle failed to meet this standard.  Instead, the Magistrate Judge stated that according to the medical records, Dr. Wright examined Randle and determined that his complaints of back pain had no objective cause.  Although Randle had a prior diagnosis of minimal dessication of the fourth and fifth lumbar vertebrae without nerve involvement, the examination of his spine by Dr. Wright proved to be normal.  Hence, Dr. Wright determined in his medical judgment that Randle did not require a back brace.

Randle places great emphasis on the fact that the back brace had been ordered by Dr. Thompson.  He argues that Dr. Wright could not countermand Dr. Thompson's orders and that to do so amounted to deliberate indifference to Randle's serious medical needs.  However, the Magistrate Judge determined that disagreements between doctors regarding the proper course of treatment do not establish deliberate indifference.  The U.S. District Court for the Western District of New York observed that "not every physician will treat every ailment in exactly the same manner. This does not mean that one of the physicians must be acting with deliberate indifference to the patient's needs."  Douglas v. Stanwick, 93 F.Supp.2d 320, 325 (W.D.N.Y. 2000).

In addition, the Magistrate Judge observed that other entries in Randle's medical records tended to support Dr. Wright's assessment, including an examination by a nurse practitioner named Allison at the Stiles Unit in December of 2011.  In this examination, Randle complained of suffering

from pain at a level of 10 out of 10, but his gait was normal, his vertebrae were normally aligned with no deformities noted, he had "very minor tenderness" in the lower lumbar area, and his lumbar X-rays from 2010 were normal. At a video teleconference appointment on March 26, 2012, Dr. Robert Behrns observed that Randle was able to sit, stand, and walk with fluid motions and that he could lean forward alternately with sitting upright and resting his elbows on his knees. Dr. Behrns stated that lumbar spine X-rays from June of 2009 showed no abnormalities.

Finally, Randle complained in a grievance that Dr. Wright had provided him with treatment for his back in 2009 and that such treatment was "malpractice" if Dr. Wright did not think there was anything wrong with him. The Magistrate Judge observed that malpractice alone does not amount to a constitutional violation, and that in any event, the fact that treatment was provided in 2009 and then a determination made in 2011 that no treatment was necessary did not show that the later determination was negligent, much less that it amounted to deliberate indifference to a serious medical need. The Magistrate Judge therefore concluded that Randle's claim against Dr. Wright was without merit.

Randle filed objections to the Magistrate Judge's Report on September 12, 2013. In his objections, after a lengthy discussion of the applicable law, Randle argues first that delaying medical treatment is "inconsistent with contemporary standards of decency" and thus a violation of the Eighth Amendment. However, as the Magistrate Judge correctly concluded, a single instance of delay of a regularly scheduled appointment, which was rescheduled upon the filing of a sick call request, does not amount to a constitutional violation absent a showing of substantial harm. In this case, Randle has failed to show that he suffered any harm, much less substantial harm, from the fact that he was not allowed to keep his January 5 appointment. This objection is without merit.

Next, Randle complains that he was not allowed to offer documentary evidence or cross-examine witnesses at the evidentiary hearing. Randle has not been prevented from offering documentary evidence and in fact has filed numerous pleadings in this case. At the evidentiary hearing, the Magistrate Judge assumed Randle's testimony to be true and disregarded any factual

assertions made at the <u>Spears</u> hearing or contained in the prison records which contradicted factual assertions made by Randle. <u>Wilson v. Barrientos</u>, 926 F.3d 480, 482-83 (5th Cir. 1991). This objection is without merit.

Randle also complains that he was not allowed to amend his complaint. The docket shows that Randle filed a motion for leave to amend his complaint on July 11, 2013, but this motion was denied because Randle did not attach a copy of the proposed amended complaint, as required by Local Rule CV-7(k). In addition, the Magistrate Judge observed in denying Randle's motion to amend that an evidentiary hearing had been conducted, and the Fifth Circuit has held that an evidentiary hearing is in the nature of an amended complaint or more definite statement. <u>Adams v. Hansen</u>, 906 F.2d 192, 194 (5th Cir. 1990). Randle has failed to point to any proposed amendment of his complaint which would have led to a different result. This objection is without merit.

Next, Randle argues that "adequate medical attention requires testing," stating that medical personnel "can't look and think [they] know the answer to every question." This is simply a statement of disagreement with the judgment of medical personnel and fails to show deliberate indifference to his serious medical needs. *See* <u>Norton v. Dimazana</u>, 122 F.3d 286, 291 (5th Cir. 1997). This objection is without merit.

The Magistrate Judge cited Randle's medical records in stating that when Randle saw Nurse Smock on January 24, 2011, the nurse noted that Randle was wearing a back brace. Randle contends that this is not true because he never wore a back brace when he saw Nurse Smock; he says "it is not possible that I had on a back brace when the record reflects that Dr. Wright took my back brace on 2-14-11." The date of Randle's appointment with Nurse Smock was prior to February 14, 2011; taking Randle's assertion as true, he had a back brace on January 24, 2011, when he saw Nurse Smock, but simply did not wear it to the appointment. This fact wholly fails to show that Dr. Wright was deliberately indifferent by taking Randle's back brace three weeks after the appointment with Nurse Smock. This objection is without merit.

Next, Randle asserts that Nurse Smock gave him an injection of pain reliever on July 9, 2013, well after the filing of this lawsuit, and that Smock told Randle that he would "kill himself" by taking so much oral medication. He argues that this somehow shows that Dr. Wright was deliberately indifferent to his serious medical needs, but fails to link the confiscation of his back brace in February of 2011 with what Smock told him in July of 2013, over two years later. This objection is without merit.

After again arguing that other medical personnel, including free-world doctors, believed his problems were more serious than did Dr. Wright, Randle argues that Dr. Wright "lied" in the medical records, and that these lies violate the Texas Penal Code. Randle cannot seek criminal prosecution of Dr. Wright through the vehicle of a civil rights lawsuit. Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1991). This objection is without merit.

Randle next points to the results of an examination in October of 1998, which showed tenderness, decreased range of motion, and spasms, and states that "this proves Dr. Wright's deliberate indifference to plaintiff's medical care on 2-14-11." Randle fails to show how an exam conducted almost 13 years earlier shows that Dr. Wright was deliberately indifferent to his serious medical needs. This objection is without merit.

After reiterating that Dr. Wright lied in the medical records, Randle states that Ugbene and Doval inflicted cruel and unusual punishment on him because it is a violation of law to deny him medical care whether or not it resulted in substantial harm. He states that Dr. Wright should have used "adequate professional standards" and not taken his back brace, and that the medical records themselves show that he needed medical restrictions as well as a back brace. The Magistrate Judge correctly determined that a claim of delay of medical care requires a showing of substantial harm in order to amount to cruel and unusual punishment. Randle's disagreement with Dr. Wright's medical assessment fails to show that Dr. Wright was deliberately indifferent to his serious medical needs. His objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings, testimony, and records in this case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no.18) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action is hereby DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that the Clerk shall send a copy of this Order to the Administrator of the Three Strikes List for the Eastern District of Texas. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 1st day of October, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE